UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No.:

| | |
|---|---|
| SUSAN NEMETZ and ROBERT NEMETZ | ) |
|     Plaintiff, | ) |
| | ) |
| VS. | ) |
| | ) |
| AIR CANADA | ) |
|     Defendant. | ) |
| | ) |

**COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY**

**PARTIES**

1. Plaintiff, Susan Nemetz, is an individual, a citizen of the United States and at all times material to the within complaint a resident of the Commonwealth of Massachusetts and the County of Essex.

2. Plaintiff, Robert Nemetz, is an individual, a citizen of the United States and at all times material to the within complaint a resident of the Commonwealth of Massachusetts and the County of Essex and the spouse of Plaintiff, Susan Nemetz.

3. Air Canada is a foreign corporation domiciled in and existing under and by virtue of the laws of Canada with its principal place of business in Montreal, Quebec, Canada.

**JURISDICTION AND VENUE**

4. The court has subject matter jurisdiction in that there is complete diversity of citizenship based on 28 U.S.C. § 1332. This is a civil action between citizens who are residents of different or foreign states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Jurisdiction in this matter also exists under 28 U.S.C. § 1331 under federal question in that the rights and obligations of the parties are governed by a Federal Treaty, the Convention for the Unification of Certain Rules Relating to International Carriage by Air, signed at Warsaw on October 12, 1929, 49 Stat. 3000, T.S. No. 876 (1934), reprinted in note following 49 U.S.C. § 40105, commonly known as "THE WARSAW CONVENTION" and/or in the alternative under The Convention for the Unification of Certain Rules for

International Carriage by Air, Done at Montreal, May 28, 1999, commonly known as "THE MONTREAL CONVENTION".

6.  Plaintiff is informed and believes and on that basis alleges that Air Canada does sufficient business in the Commonwealth of Massachusetts and in the District of Massachusetts for this court to exercise personal jurisdiction over it, such that the maintenance of this action in this forum will not offend traditional notions of fair play and substantial justice.

7.  Jurisdiction lies in this court based on MONTREAL CONVENTION Article 33 (2) in that THE MONTREAL CONVENTION confers national jurisdiction on the federal courts of the United States since Plaintiff is a citizen of the United States and a resident of Essex County within the District of Massachusetts therefore making the venue proper in this District Court.

8.  Plaintiff is informed and believes that Air Canada operates commercial flights within, to and/or from the United States and/or maintain offices in the United States, thereby fully satisfying Article 33 (2) of THE MONTREAL CONVENTION.

9.  Venue is proper pursuant to 28 U.S.C. § 1391 (c) because Air Canada is subject to personal jurisdiction in this judicial district for the reasons set forth. Venue in this court may also be proper under 28 U.S.C. § 1391 (d), because Air Canada is an alien.

**GENERAL ALLEGATIONS**

10.  At all times herein mentioned, Air Canada was, and now is, a common air carrier of passengers for hire on regular schedules, over definite designated routes, including the routes that were to be traveled by Plaintiff, as hereinafter alleged, soliciting the patronage of the traveling public, and advertising schedules for routes, times of departure and arrival, and rates of fare and other travel related services.

11.  On or about March 4, 2019, Plaintiff was traveling as a fare paying passenger on Air Canada, Flight 521 from Toronto, Canada, to Boston, Massachusetts.

12.  By the reason of the abovementioned premises the Plaintiff, was involved in "International Transportation" within the meaning of Article 1 (2) of THE MONTREAL CONVENTION and/or within the

meaning Article 1 (2) of the WARSAW CONVENTION.

## COUNT I

13.     During the flight leg from Toronto to Boston, the Plaintiff, Susan Nemetz, was seriously injured when on final approach to Logan Airport (BOS), as a result of a high impact on landing. The impact was severe enough that passengers had to be evacuated on the tarmac and the plane was then towed to the gate for further analysis for damage.

14.     As a result thereof, the Plaintiff, Susan Nemetz, suffered sustained injuries to her jaw and teeth, as well as physical and mental anguish flowing from the physical injuries.

15.  Further, at all times relevant thereto, and as to the Plaintiff, Susan Nemetz, the conduct of Air Canada, and Air Canada's flight crew was unusual, unexpected, abnormal and external to her and not associated with the normal operation of the aircraft. This conduct constituted the proximate legal cause of the Plaintiff's injuries.

16.     By reason of the above premises, these actions thus constitute an Article 17 "Accident" pursuant to THE MONTREAL CONVENTION and/or the WARSAW CONVENTION.

17.     As a direct legal and proximate result thereof the Plaintiff, Susan Nemetz, suffered and sustained serious injuries, all to her general damage in excess of $75,000.00 to be shown at trial, and to his special damage for medical and related expenses, and impairment of earning capacity, to be inserted by amendment when the above are financially determined.

     **WHEREFORE,** Plaintiff, Susan Nemetz prays judgment against Defendant, Air Canada, as follows:

1. General damages for physical injury;
2. Special damages according to proof;
3. Costs of suit;
4. For attorneys' fees, if and as permitted by of law;
5. For pre-judgment interest, if and to the extent such are allowed by law;
6. For such other and further relief as the court may deem proper; and

7.  For an early adjudication of the court that Defendant Air Canada, owe and must pay to Plaintiff the sum of 113,100 SDR (special drawing rights), with leave to Plaintiff to prove and collect additional damages pursuant to Article 21 of THE MONTREAL CONVENTION.

## COUNT II
## LOSS OF CONSORTIUM

18.  The Plaintiff realleges and reavers the allegations contained in paragraphs 1 through 17 above.

19.  As a result of the injuries sustained by the Plaintiff, Susan Nemetz, the Plaintiff's husband, Robert Nemetz, was compelled to care for his wife and attend to household duties normally performed by her. Further, during the continued period of his wife's disability, Robert Nemetz, was without the services, society, companionship and consortium of his wife.

20.  The damages suffered by Robert Nemetz were a direct and proximate result of the negligence and carelessness of the Defendants and breach of duty owed to her and/or an "Accident" as defined under Article 17 of the Montreal Convention.

**WHEREFORE,** Plaintiff, Robert Nemetz prays judgment against Defendant, Air Canada, as follows:

1.  General damages for physical injury;
2.  Special damages according to proof;
3.  Costs of suit;
4.  For attorneys' fees, if and as permitted by of law;
5.  For pre-judgment interest, if and to the extent such are allowed by law;
6.  For such other and further relief as the court may deem proper; and
7.  For an early adjudication of the court that Defendant Air Canada owe and must pay to Plaintiff the sum of 113,100 SDR (special drawing rights), with leave to Plaintiff to prove and collect additional damages pursuant to Article 21 of THE MONTREAL CONVENTION.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial in this matter.

                                                  Respectfully submitted,
                                                  The Plaintiffs
                                                  By Their Attorneys

Dated: April 9, 2020                              _____***/s/ Louis J. Muggeo***_____
                                                  Louis J. Muggeo, Esq.
                                                  LOUIS J. MUGGEO & ASSOCIATES
                                                  133 Washington Street
                                                  Salem, MA 01970
                                                  (978) 741-1177
                                                  BBO #359220
                                                  lmuggeo@ljmassoc.com